PER CURIAM:
Claimants brought this action for vehicle damage sustained when their vehicle struck a hole as claimant Phillip Faulkner was traveling southbound on Route 2 towards Marshall University. Route 2 at this location is maintained by respondent in Cabell County. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred in February 1999. In the early morning hours of a snowy February day, Mr. Faulkner was traveling southbound on Route 2, for the first time. He was proceeding towards Marshall University near the floodwall in Cabell County in his 1992 Acura Vigor. At the location in question, Route 2 is approximately thirty feet wide with two lanes. It is a blacktop road with double yellow lines indicating the center of the road. The speed *276 limit at this location is thirty-five miles per hour, but past the floodwall, the speed limit is reduced to twenty-five miles per hour. As Mr. Faulkner was driving the vehicle at a speed of about thirty-five to forty miles per hour, he had a visibility of about ten to fifteen feet. There was not much traffic present on the road. Suddenly, the vehicle’s right passenger side tires struck a hole in the pavement, bursting the tires and b reaking t he r ims. A fterwards, M r. F aulkner c ontacted r espondent a nd informed it of the hole on Route 2. As a result of the incident, claimant’s vehicle sustained damage in the amount of $1,689.34. While claimant had a deductible feature of $500.00 in his motor vehicle insurance policy, his insurance carrier would not pay for the after market rims which he purchased for the vehicle.
The position of respondent is that it did not have notice of the hole on Route 2 in Cabell County. Respondent asserts that during the winter months, it uses cold mix asphalt to repair holes in road surfaces. However, in this claim, it did not have any information regarding a hole on the road surface of Route 2 where the incident occurred.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive n otice o f t he de feet a nd a r easonable t ime tot ake c orrective a ction. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In this claim, the evidence established that respondent had at least constructive notice of a hazardous condition on Route 2 and was negligent in its maintenance of Route 2 in Cabell County. Notwithstanding this finding of negligence on the part of respondent, the Court is also of the opinion that claimant was negligent in the operation of his vehicle. Mr. Faulkner was operating his vehicle at a r ate o f s peed t oo fast f or t he r oad conditions t hen a nd t here e xisting. I n a comparative negligence jurisdiction, such as West Virginia, the negligence of a claimant can reduce or bar recovery of a claim. Based on the above, the Court finds that the negligence of claimant was equal to or greater than the negligence on the part of respondent. Consequently, the negligence of claimant is a complete bar to recovery in this claim.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.